UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DOMINIQUE D. STEELE,

    Plaintiff,

    v.      CAUSE NO. 3:23-CV-875-HAB-SLC

JOHN GALIPEAU, et al.,

    Defendants.

OPINION AND ORDER

Dominique D. Steele, a prisoner without a lawyer, filed an amended complaint. ECF 17. Under 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must nevertheless give a pro se complaint liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Steele brings this lawsuit against Warden John Galipeau, Jason English, and "all subordinates" of the Westville Correctional Facility. ECF 17 at 1. His amended complaint lists a series of alleged misdeeds including "abuse of power, deprivation,

and/or cruel and unusual punishment . . ." apparently related to the conditions at the prison. *Id*. What it doesn't do is describe any actions by any of the defendants or provide a single detail to support the allegations. Simply listing various causes of actions isn't enough. *See Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602 (7th Cir. 2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.") (internal quotation marks and citation omitted).

This amended complaint does not state a claim for which relief can be granted. If he believes he can state a claim based on (and consistent with) the events described in this complaint, Steele may file a second amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file a second amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his library. He needs to write the words "Second Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form. He does not need to use legal phrases, cite to legal authority, or provide legal analysis; he simply needs to explain in his own words what happened, when it happened, where it happened, who was involved, and how he was personally injured, providing details about what occurred. He should use each defendant's name every time he references them in the amended complaint.

For these reasons, the court:

2

(1) GRANTS Dominique D. Steele until **January 2, 2024**, to file a second amended complaint on the court's approved form as described above; and

(2) CAUTIONS Dominique D. Steele if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on November 28, 2023.

                                                s/ *Holly A. Brady*
                                                CHIEF JUDGE HOLLY A. BRADY
                                                UNITED STATES DISTRICT COURT