UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DOMINIQUE D. STEELE,

    Plaintiff,

        v.                                      CAUSE NO. 3:23-CV-875-HAB-SLC

JOHN GALIPEAU, et al.,

    Defendants.

## OPINION AND ORDER

Dominique D. Steele, a prisoner without a lawyer, filed a second amended complaint. ECF 21. The court previously screened his amended complaint and determined it did not state any claims. ECF 18. Specifically, the court pointed out Steele had listed a series of alleged misdeeds related to the conditions of the prison, but he didn't "describe any actions by any of the defendants or provide a single detail to support the allegations. Simply listing various causes of actions isn't enough." *Id.* at 2. He was granted until January 2, 2024, to file a second amended complaint, and the court provided the following direction:

> He does not need to use legal phrases, cite to legal authority, or provide legal analysis; he simply needs to explain in his own words what happened, when it happened, where it happened, who was involved, and how he was personally injured, providing details about what occurred. He should use each defendant's name every time he references them in the amended complaint.

*Id.* Accordingly, his second amended complaint must be screened under 28 U.S.C. § 1915A, and it must be dismissed if the action is frivolous or malicious,

fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, the complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must nevertheless give a pro se complaint liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Steele has again brought his lawsuit against Warden John Galipeau, Jason English, and "all Westville Correct. Subordinates." ECF 21 at 1. His second amended complaint alleges that beginning on September 23, 2022, he was "exposed" to "detrimental conditions of the facility" including rust, mold, vermin, feces, and contaminated water. *Id.* at 2. Steele claims this has affected his physical and mental well-being. He believes his constitutional rights have been violated "by way of deprivation, negligence, and/or cruel and unusual punishments." He has sued the defendants for monetary damages.

The Eighth Amendment prohibits conditions of confinement that deny inmates "the minimal civilized measure of life's necessities." *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (citations omitted). In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently

2

serious" that the action or inaction of a prison official leads to "the denial of the minimal civilized measure of life's necessities." *Id*. (citations omitted). On the subjective prong, the prisoner must show the defendant acted with deliberate indifference to the inmate's health or safety. *Farmer*, 511 U.S. at 834. As the Seventh Circuit has explained, "the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal quotation marks and brackets omitted). "[N]egligence, gross negligence, or even recklessness as the term is used in tort cases is not enough" to assert an Eighth Amendment violation. *Hildreth v. Butler*, 960 F.3d 420, 425–26 (7th Cir. 2020). Instead, the inmate must allege "a culpability standard akin to criminal recklessness." *Thomas v. Blackard*, 2 F.4th 716, 722 (7th Cir. 2021).

Steele's second amended complaint doesn't satisfy either element. Despite being directed to supply adequate factual allegations to support his claims, Steele has failed to do so. His vague allegation about being "exposed" to certain common—albeit unpleasant—prison conditions isn't enough to suggest he was denied life's necessities or that the conditions were serious enough to trigger Eighth Amendment protection. *See e.g., Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) ("[A] plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law.") (emphasis in original).

Moreover, Steele hasn't described any actions by Warden Galipeau or Jason English that would suggest they knew Steele was at serious risk of being harmed or that they acted in a criminally reckless manner. *See Thomas*, 2 F.4th at 722; *see also Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018); *Burks v. Raemisch*, 555 F.3d 592, 594, 596 (7th Cir. 2009) (There is no general supervisory liability under 42 U.S.C. § 1983 because "public employees are responsible for their own misdeeds but not for anyone else's."); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007) ("Only persons who cause or participate in the violations are responsible.").

Finally, while Steele has sued "All Westville Correct. Subordinates," he doesn't describe any actions taken by these subordinates. As such, the addition of this description of unknown defendants adds nothing because "it is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997). In sum, Steele has failed to state any viable claims against any of the defendants. *See Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602 (7th Cir. 2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.") (internal quotation marks and citation omitted).

For these reasons, the court DISMISSES the second amended complaint pursuant to 28 U.S.C. §1915A because it fails to state any claims upon which relief can be granted. The clerk is DIRECTED to close this case.

SO ORDERED on January 11, 2024.

                                                 s/ *Holly A. Brady*
                                                 CHIEF JUDGE HOLLY A. BRADY
                                                 UNITED STATES DISTRICT COURT